16-773-cv
*Schuler v. Rainforest Alliance, Inc.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of March, two thousand seventeen.

PRESENT: DENNY CHIN,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*,
COLLEEN McMAHON
*Chief District Judge.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ALAIN PASCAL BENARD GALLEY SCHULER, JEAN CHRISTIAN PHILIPPE GALLEY SCHULER,
*Plaintiffs-Appellants,*

v.                                                        16-773-cv

RAINFOREST ALLIANCE, INC.,
*Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

[*]      Chief Judge Colleen McMahon, of the United States District Court for the Southern District of New York, sitting by designation.

FOR PLAINTIFFS-APPELLANTS:    LAUREN VALASTRO (Ann L. Al-Bahish, *on the brief*), Jackson Gilmour & Dobbs, PC, Houston, Texas, and Thomas P. Aicher, Cleary Shahi & Aicher, P.C., Rutland, Vermont.

FOR DEFENDANT-APPELLEE:    SAMUEL SPITAL (Stosh Silivos, *on the brief*), Holland & Knight LLP, New York, New York.

Appeal from the United States District Court for the District of Vermont (Reiss, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-appellants Alain Pascal Bernard Galley Schuler and Jean Christian Philippe Galley Schuler (the "Galleys") appeal from a judgment of the district court entered February 12, 2016, granting judgment on the pleadings in favor of defendant-appellee the Rainforest Alliance, Inc. (the "Rainforest Alliance"). The district court set forth its reasoning in an opinion and order filed February 11, 2016.

We review *de novo* a granting of judgment on the pleadings. *See  L-7 Designs, Inc. v. Old Navy, LLC,* 647 F.3d 419, 429 (2d Cir. 2011). Where, as here, a district court relied on international comity to accord preclusive effect to a foreign court's adjudication, we review the decision *de novo* as well. *See Diorinou v. Mezitis*, 237 F.3d 133, 140 (2d Cir. 2001). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

1.      Background

This case arise from a dispute over the ownership of property in Campeche, Mexico. The Galleys claim that on or about April 13, 2003, their neighbors in Campeche, Agropecuaria Santa Genoveva, S.A.P.I. de C.V. ("AGSA"), illegally took control of approximately 3,823 acres of their land (the "Property"). On April 16, 2003, the Galleys filed suit against AGSA in the Second Lower Civil Court of the First State Judicial District in Campeche (the "Mexican Lower Court") to recover the Property.

The Rainforest Alliance is a nonprofit organization that performs sustainability analyses and issues certifications to landowners that their forestry operations and products comply with forest management standards of the Forest Stewardship Council ("FSC"). In 2006, AGSA sought FSC Forest Management Certification from the Rainforest Alliance for its forestry project, which included the Property. On November 6, 2006, the Galleys informed the Rainforest Alliance that they opposed the certification because (1) they owned a portion of the land at issue, and (2) AGSA's operations were not in compliance with FSC standards because they involved clear cutting indigenous forests and destroying archeological ruins.

On August 28, 2009, the Rainforest Alliance issued an FSC Forest Management Certificate to AGSA for its project, but excluded the Property from the certification. The Certificate was valid for five years subject to annual audits.

On January 15, 2010, the Mexican Lower Court ruled against the Galleys in their suit to recover the Property. The court ruled that the Galleys owned the land identified in their deeds, but that the land identified in the deeds was not the Property. Because the Galleys failed to prove that AGSA was occupying any of the land that fell under the metes and bounds of the Galleys' deeds, the court held that "the elements of the action to recover possession were not shown," and "declare[d] inadmissible the claim for recovery of possession filed by [the Galleys] against [AGSA] . . . and therefore absolve[d] the defendants of all claims brought by the [Galleys]." App. 88. The Galleys appealed and a Mexican appellate court affirmed the decision.

On December 5, 2012, the Rainforest Alliance granted FSC certification to AGSA for its project, including the Property. This certification expired in August 2014.

On October 24, 2014, the Galleys filed this action below against the Rainforest Alliance, the FSC, and U.S. Working Group. In their Complaint, the Galleys allege that the Rainforest Alliance improperly granted AGSA a sustainability certification for 3,823 acres of land located in Campeche, *i.e.,* the Property. The Galleys claim that *they* own the disputed property, not AGSA, and that in issuing the certification to AGSA, the Rainforest Alliance has undermined the Galleys' claim to the Property. The Galleys assert three causes of action: (1) negligence, in that the Rainforest Alliance allegedly breached a duty to use reasonable care in "determining the ownership of lands," App. 20; (2) defamation, in that the Rainforest Alliance allegedly

- 4 -

made "false and defamatory statements to third parties about the Galleys and their property," App. 21; and (3) slander of title, in that the Rainforest Alliance allegedly "published false statements about the Galleys' title" to the Property, which "encouraged AGSA to continue its illegal invasion of, and illegal harvesting of wood" from the Property, App. 22-23. They also sought declaratory relief based on their purported ownership of the Property.

The Galleys voluntarily dismissed their claims against the FSC and the U.S. Working Group without prejudice. The district court granted the Rainforest Alliance's motion for judgment on the pleadings and entered judgment accordingly. This appeal followed.

2.    Discussion

We affirm for substantially the reasons given by the district court. The Galleys' claims are premised on their assertion that they hold legal title to the Property. That assertion, however, is precluded by the rulings of the Mexican courts and principles of international comity.

Generally, international comity is defined as "the recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation." *In re Maxwell Commc'ns Corp.*, 93 F.3d 1036, 1046 (2d Cir. 1996) (citing *Hilton v. Guyot*, 159 U.S. 113, 163-64 (1895)). Here, the Mexican Lower Court held that the

Galleys were not the owners of the Property and dismissed their claims against AGSA. In 2011, the decision was affirmed on appeal.

The district court correctly chose to defer to the Mexican courts' decisions regarding ownership. *In re Maxwell Commc'ns*, 93 F.3d at 1047 (a court may "decline to exercise jurisdiction in a case properly adjudicated in a foreign state"). The Mexican courts ruled that the Galleys did not prove they owned the Property. By pursuing their claims here, the Galleys are essentially asking an American court to overrule the Mexican courts' judgment that the Galleys failed to prove ownership of property located in Mexico. We agree with the district court that principles of comity preclude us from doing so.

The Galleys insist that the court did not rule that AGSA actually owned the Property, and that therefore AGSA may not assert that it does. The argument fails, however, because even if the Mexican court did not hold explicitly that AGSA owned the Property, the Mexican court *did* hold explicitly that the Galleys failed to provide sufficient evidence to demonstrate ownership of the Property. Accordingly, because they cannot establish their ownership of the Property, plaintiffs cannot prevail on their claims for negligence, defamation, and slander of title.

We have reviewed the Galleys' remaining arguments on appeal and conclude they are without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk